ORIGINAL

# In the United States Court of Federal Claims

No. 16-1393C
(Filed: May 31, 2017)
**NOT FOR PUBLICATION**

FILED
MAY 3 1 2017
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| TARSHIKA SWEEZER, et al ) ) *Pro Se* Plaintiff, ) ) v. ) ) THE UNITED STATES, ) ) Defendant. ) ) | *Pro Se*; Lack of Subject Matter of Jurisdiction; Dismissal |

**OPINION**

Pending before the court is the motion of the defendant, the United States, to dismiss the complaint filed by the named plaintiff, Tarshika Sweezer, on her own behalf and on behalf of others in connection with the execution of a search warrant and arrest by the Chicago Police Department in March 2016. The defendant argues that the complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC").

The complaint filed on October 24, 2016 identifies six plaintiffs, including three minor children, who all reside at 5346 W. Quincy, Chicago, IL. Compl., "Parties," ¶¶ 1-6.[1] The complaint alleges that on or about March 16, 2016, an officer with the Chicago

---

[1] Plaintiffs seek to file this complaint *in forma pauperis*. The request is granted for purposes of deciding this motion only.

-
-

Police Department executed a search warrant on plaintiffs' residence. Compl., "Statement of Facts," ¶ 1. Following the search, the police arrested "Plaintiff No. 3," John Sweezer. *Id.* The complaint alleges a variety of claims arising from that search and arrest. The claims are similar to the claims that had originally been filed with the court on June 20, 2016, in a document entitled "Statement of Complaint in Support of Motion for Writ of Habeas Corpus." Complaint, *Sweezer v. United States*, No. 1:16-cv-00730-NBF (Ct. Fed. Cl. June 20, 2016) (*Sweezer I* complaint). The *Sweezer I* complaint included multiple counts of negligence, personal injury, violations of unidentified constitutional rights, and property damage. *Sweezer I* Compl. 2-3. The *Sweezer I* complaint also alleged that plaintiffs are "descendants of the Cherokee Nation and [that] the premises [plaintiffs' residence at 5346 W. Quincy] are an Indian Reservation." *Id.* at 3.

On July 6, 2016, the Court ordered the *Sweezer I* complaint returned to plaintiffs for correction and confirmation, because it had been filed under the caption of the United States District Court for the Northern District of Illinois, and because it appeared to seek habeas corpus relief under 28 U.S.C. § 2251 and § 2254,[2] which falls outside this court's jurisdiction. Order, *Sweezer I* (July 6, 2016). Plaintiffs never responded to the July 6, 2016 Order and on October 12, 2016, the court dismissed *Sweezer I* pursuant to RCFC 41(b). Order of Dismissal, *Sweezer I* (Oct. 12, 2016).

---

[2] 28 U.S.C. § 2251 gives federal judges with authority over habeas corpus the right to "stay any proceeding against the person detained in any State court . . . for any matter involved in the habeas corpus proceeding." 28 U.S.C. § 2254 grants federal judges authority over writs of habeas corpus and states in pertinent part that "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court."

2

In this new October 24, 2016 complaint, plaintiffs allege that the dismissal of *Sweezer I* "breached the defendant's fiduciary duties as guardian, trustee, and guarantor." Compl., "Statement of Facts," ¶ 3. Plaintiffs also allege that the court violated provisions of the Federal Rules of Civil Procedure ("FRCP"), the Rules of the United States Court of Federal Claims, and 28 U.S.C. § 1631, when it ordered plaintiffs to clarify and confirm the *Sweezer I* Complaint. *Id.* ¶ 4. Plaintiffs further allege that the court violated RCFC 5, 14, and 18, because it failed to notify the United States District Court for the Northern District of Illinois of this action. *Id.* ¶ 5. With regard to the search and arrest of John Sweezer, the pending complaint alleges that "[t]he Defendant breached a contract and breached fiduciary duties as guarantor, guardian, and trustee owed to Plaintiff(s)." Compl. 4, lines 7-11. Plaintiffs assert jurisdiction based on 28 U.S.C. §1491 and §1505 and 42 U.S.C. § 1983.

By way of relief, plaintiffs are seeking a default judgment pursuant to FRCP 55, on the grounds that the Northern District of Illinois failed "to respond to Plaintiff(s), and that the Court failed to answer." *Id.* at 5, lines 8-11. In addition, Tarshika Sweezer, Yvonne Sweezer, RC, GS, and ES, seek $320,000.00 each or $20,000.00 for each of the "16 counts of breaches of trust." Compl., "Parties," ¶¶ 1-2, 4-6. Yvonne Sweezer, seeks the return of $813.00 "that was illegally confiscated." *Id.* ¶ 2. John Sweezer seeks "costs [to] be determined at trial by [j]ury." *Id.* ¶ 3. Mr. Sweezer also alleges that he is "unjustly incarcerated" and that "every second [of continued incarceration] constitutes another count of breach toward [him]." *Id.* at 5, lines 13-14.

In its motion to dismiss, the government argues among other things that the complaint should be dismissed for lack of subject matter jurisdiction because: (1) the

3

complaint does not allege any contract, or a money-mandating statute, that was breached in connection with the facts alleged in the complaint as required to support this court's Tucker Act jurisdiction under 28 U.S.C. § 1491; (2) with respect to 28 U.S.C. § 1505, which relates to jurisdiction over certain Indian breach of trust claims, the plaintiffs have not identified any fiduciary responsibility owed to plaintiffs that was breached under the facts alleged in the complaint; and (3) this court lacks jurisdiction over what appear to be civil rights claims under section 1983 or other Constitutional claims relating to the search of the Sweezer apartment and Mr. Sweezer's arrest and incarceration. The defendant argues in the alternative that the complaint should be dismissed pursuant to RCFC 12(b)(6), because it fails to allege a plausible basis for any of the claims asserted. Finally, the defendant argues that the doctrine of res judicata bars the claims related to the search of plaintiffs' residence, and the arrest and incarceration of John Sweezer, because: (1) the parties to *Sweezer I* and this action are identical; (2) the allegations are based on the same transactional facts alleged in *Sweezer I*; and (3) the Court's dismissal of *Sweezer I* pursuant to RCFC 41(b) operates as an adjudication on the merits. Because the court finds that the complaint is not within court's jurisdiction the complaint is **DISMISSED**.

I. **Standards of Review**

In reviewing a motion under Rule 12(b)(1) with regard to subject matter jurisdiction, the court will take uncontested allegations as true and will construe them in a light most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). In this connection, although *pro se* plaintiffs are given more latitude in their pleadings, a *pro se* plaintiff must still establish that this court has jurisdiction over the complaint. *See Redondo v. United States*, No. 12-489T, 2012 WL 9384885, at *1 (Fed. Cl. Dec. 18, 2012), *aff'd*, 542 F. App'x 908 (Fed. Cir. 2013)

4

(holding *pro se* plaintiff responsible for "the burden of establishing subject matter jurisdiction."); *see also Keener v. United States*, 551 F.3d 1358, 1361 (Fed. Cir. 2009) ("As the party seeking the exercise of jurisdiction, Taxpayers have the burden of establishing that jurisdiction exists."). Because jurisdiction is a threshold matter, a case cannot proceed if the court lacks jurisdiction to hear it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If the court concludes that it lacks jurisdiction, the complaint must be dismissed. *Id.*

## II. Plaintiffs Fail To Allege Any Claim Within This Court's Jurisdiction

The Court of Federal Claims is a court of limited jurisdiction. *Jentoft v. United States*, 450 F.3d 1342, 1349 (Fed. Cir. 2006). The jurisdiction of the court is largely restricted to claims set forth in the Tucker Act, 28 U.S.C. § 1491. The Tucker Act confers jurisdiction on the court "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "[T]he Tucker Act itself does not create a substantive cause of action, 'in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages.'" *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (*quoting Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)).

Although the plaintiffs cite the Tucker Act in their complaint as a basis for jurisdiction, Compl., "Jurisdiction," ¶ 1, they have failed to identify any contract with the United States to support their breach of contract claims. To establish jurisdiction, a plaintiff needs to allege an agreement with the United States. This includes setting forth

in the complaint allegations that the contract was entered into by an authorized United States representative or was ratified by a person with actual authority to bind the United States. *See Trauma Serv. Group v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997); *see also Sahagun-Pelayo v. United States*, No. 13-929 C, 2014 WL 3643471, at *5 (Fed. Cl. July 22, 2014), *aff'd*, 602 F. App'x 822 (Fed. Cir. 2015) (dismissing *pro se* plaintiff's complaint for failure to "allege facts as to the specific agent of the government who contracted with him" and failure to "provide sufficient facts to plausibly suggest that any government employee had . . . actual authority to bind the Government in contract."); *Evans v. United States*, 2016 WL 3006988, at *5, (Fed. Cl. May 17, 2016), *aff'd*, 2017 WL 957282, (Fed. Cir. March 13, 2017). Here, the plaintiffs have not identified any agreement with the United States which could give rise to a claim for money damages. As such, the court does not have jurisdiction over plaintiffs' alleged breach of contract claims.

Plaintiffs' allegations regarding the United States' breach of its "fiduciary duties as guardian, trustee, and guarantor," Compl., "Statement of Facts," ¶ 3, are also not sufficient to establish jurisdiction under 28 U.S.C. § 1505, the Indian Tucker Act. Compl., "Jurisdiction," ¶ 2. The Indian Tucker Act confers jurisdiction on this court over certain claims against the United States and in favor of a "tribe, band, or other identifiable group of American Indians residing within the territorial limits of the United States or Alaska." 28 U.S.C. § 1505. Plaintiffs' assertion of jurisdiction pursuant to the Indian Tucker Act fails because despite the plaintiffs' citation to cases, they do not allege or otherwise identify the "substantive source of law that establishes specific fiduciary or other duties" owed to them that the United States has failed to fulfill, and which "can

fairly be interpreted as mandating compensation for damages sustained as a result of a breach of [those] duties." *United States v. Navajo Nation*, 556 U.S. 287, 290-91 (2009); *see also Hopi Tribe v. United States*, 782 F.3d 662, 667 (Fed. Cir. 2015). For this reason, the court does not have jurisdiction over plaintiffs' breach of fiduciary duty claims.

To the extent plaintiffs rely on 42 U.S.C. § 1983 to establish jurisdiction in this court over their claims, the claims must be dismissed. *See* Compl., "Jurisdiction," ¶ 1. In the complaint the plaintiffs allege civil rights violations in connection with a Chicago Police Officer's search of their residence and the arrest of John Sweezer. "Statement of Facts," ¶ 1. This court lacks jurisdiction over such civil rights claims, because Congress conferred jurisdiction over civil rights claims, such as section 1983 claims, exclusively upon the federal district courts. 42 U.S.C. § 1343(a) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights."). Where Congress has conferred jurisdiction over claims before another court, this court must dismiss the claim. *See Texas Peanut Farmers v. United States*, 409 F.3d 1370, 1373 (Fed. Cir. 2005) (holding that "Congress may withdraw any grant of Tucker Act jurisdiction" and the Court of Federal Claims lacks jurisdiction where "Congress has granted district courts exclusive jurisdiction over claims").

Similarly, this court lacks jurisdiction over claims in the complaint relating to the alleged "unjust" incarceration of John Sweezer. Compl. 5, lines 13-14. As noted above, the document filed in *Sweezer I* raised similar allegations and was captioned as a petition for a writ of habeas corpus. *See Sweezer I* Complaint. As the court indicated in its Order

seeking clarification, this court lacks jurisdiction over any action sounding in habeas corpus. Order, *Sweezer I* (July 6, 2016). Writs of habeas corpus on behalf of those "in custody pursuant to the judgment of a State court" may be granted by "the Supreme Court, a Justice thereof, a circuit judge, or a district court." 28 U.S.C. § 2254(a); *see also Ledford v. United States*, 297 F.3d 1378, 1380-81 (Fed. Cir. 2002) ("[T]he habeas statute does not list the Court of Federal Claims among those courts empowered to grant a writ of habeas corpus"); *Stephenson v. United States*, 58 Fed. Cl. 186, 191-92 (2003) (explaining that "the Court of Federal Claims is not named among those courts having authority to grant writs of habeas corpus"). This court does not have jurisdiction to consider Mr. Sweezer's objections to his incarceration in a state prison.

Finally, to the extent the complaint can be construed as alleging other constitutional claims (such as due process, equal protection, or search and seizure claims) related to the search of plaintiffs' residence, the seizure of Yvonne Sweezer's assets, or the arrest of Mr. Sweezer, such claims fall outside this court's jurisdiction. *See* 28 U.S.C. § 1331 ("[The] district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."); *see also Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997) ("[T]he Court of Federal Claims correctly concluded that it does not have jurisdiction to hear due process or seizure claims under the Fifth Amendment to the United States Constitution."); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("[T]he Fourteenth Amendment's Equal Protection Clause" and "the Due Process clauses of both the Fifth and Fourteenth Amendments do

not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."). [3]

## CONCLUSION

For these reasons, the government's motion to dismiss for lack of jurisdiction is **GRANTED**. The Clerk is directed to enter judgment accordingly. Furthermore, the Clerk is directed not to accept future complaints from these plaintiffs without an order from the Chief Judge approving the filing. Each party shall bear its own costs.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge

---

[3] Having concluded that the court lacks jurisdiction over plaintiffs' claims it does not have occasion to rule on the government's alternative grounds for dismissal.